UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN D. DRAGANI,

    Petitioner,

v.                                                     CASE NO. 6:04-cv-919-Orl-31DAB

V. R. BRYANT, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1) alleging that he received ineffective assistance of counsel. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 11).

### I.    *Procedural History*

Petitioner was charged by information with robbery (count one) and threatening to discharge a destructive device (count two). After a jury trial, he was found guilty as charged. Petitioner was found to be a habitual violent felony offender ("HVFO") and a prison releasee reoffender ("PRR") and was sentenced to a twenty year term of imprisonment as to count one and a concurrent fifteen year term as to count two.

On appeal, the Florida Fifth District Court of Appeal affirmed Petitioner's convictions, but determined that the trial court erred in sentencing Petitioner as both a HVFO and a PRR. Therefore, the appellate court remanded for resentencing. *Dragani v. State*, 759 So. 2d 745 (Fla. 5th DCA 2000). The State filed a notice to invoke the discretionary review of the Florida Supreme Court, which remanded the case back to the Fifth District Court of Appeal for reconsideration in light of its ruling in another case approving concurrent HVFO and PRR sentences. *Dragani v. State*, 791 So. 2d 1083 (Fla. 2001). Upon remand, the Florida Fifth District Court of Appeal reversed its earlier decision and affirmed the concurrent HVFO and PRR sentences. *Dragani v. State*, 798 So. 2d 856 (Fla. 5th DCA 2001).

Petitioner was resentenced on March 27, 2002,[1] to concurrent terms as both a HVFO and a PRR. No direct appeal was taken from the resentencing.

Petitioner next filed a motion to correct illegal sentence arguing that the HVFO and PRR statutes were unconstitutional. The trial court denied the motion, and the appellate court affirmed without prejudice to Petitioner's right to raise the issue in a Florida Rule of Criminal Procedure 3.800 motion. *Dragani v. State*, 836 So. 2d 1073 (Fla. 5th DCA 2003).

Petitioner then filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the trial court denied. The appellate court *per curiam* affirmed the denial. *Dragani v. State*, 860 So. 2d 433 (Fla. 5th DCA 2003).

## II.   *Claims One and Two*

---

[1] It appears that Petitioner was resentenced in October of 2000, after the initial remand from the Fifth District Court of Appeal. Thus, after that court reversed its earlier decision, another resentencing was required.

In claim one, Petitioner alleges that he received ineffective assistance of counsel because (a) he was appointed multiple attorneys who failed to conduct an adequate investigation; (b) counsel allowed Petitioner to assert an inadequate defense; (c) counsel permitted Petitioner to testify when he had prior convictions; and (d) counsel failed to investigate Petitioner's mental health. In claim two, Petitioner contends that (a) he received ineffective assistance of counsel because counsel failed to investigate or depose Sam Costillo,[2] who Petitioner characterizes as a co-defendant; and (b) the trial court erred when it denied objections to hearsay.

**A.**     *Claims 1(a), 1(b), and 2(a)*

In the present case, Petitioner raised claims 1(a), 1(b), and 2(a) in his Rule 3.850 motion, and the state trial court denied the claims. Petitioner appealed the state trial court's denial of his Rule 3.850 motion, and the appellate court *per curiam* affirmed the denial.

   *1.*     *The Charges and the Evidence at Trial*

The charges against Petitioner arose out of a bank robbery. The bank teller testified that a man handed her a note demanding money and stating that he had bombs that he could activate. The teller gave the man approximately $8,000.00. Two other bank employees saw the robber, observed him exit the bank and enter a car, and took down the tag number of the car. The teller was not able to positively identify Petitioner as the robber, but when reviewing a photographic line-up, she did indicate that the picture of Petitioner was familiar.

The robbery was videotaped by the bank's security cameras and a still photograph of the robber was made from the videotape. When shown to Petitioner's wife, she identified the robber

---

[2]In the trial transcript, Mr. Costillo's name is spelled "Castillo." The Court will use the spelling set forth by Petitioner in his petition, "Costillo."

as Petitioner. The vehicle in which the robber fled the bank was found at the trailer part where Petitioner's mother-in-law lived. A cab driver testified that he picked up Petitioner at a convenience store near the trailer park the afternoon of the bank robbery.

Petitioner was apprehended hiding in a bathroom at the apartment of Sam Costillo, Petitioner's wife's brother. Several days after his arrest, Petitioner told police officers that he committed the robbery because was threatened at gun point. He said that an individual, who he refused to name, threatened to kill Petitioner and his wife if Petitioner did not rob the bank. Petitioner also indicated that the individual was in the vehicle at the time of the crimes. At trial, Petitioner repeated this story and identified Sam Costillo as the person who forced him to rob the bank.

    2.    *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has

> on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state courts applied federal law incorrectly, habeas corpus relief is appropriate only if that application was "objectively unreasonable." *Id*. Furthermore, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

   *2.   Governing Law*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.[3] "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

In assessing Petitioner's ineffective assistance of counsel claims, the state trial court utilized the standard set forth *Strickland*. (Appendix T at 1.) As noted by the Eleventh Circuit Court of Appeals, "[i]t is well established that the United States Supreme Court's decision in *Strickland* . . . is the 'controlling legal authority' to be applied to ineffective assistance of counsel claims." *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Thus, the state court correctly identified the governing legal principle.

   *3.     Claims 1(a) and 1(b)*

According to Petitioner, he was appointed multiple attorneys who failed to conduct an adequate investigation and pursued an inadequate defense. However, Petitioner has failed to show that his attorneys overlooked any investigation that would have yielded exculpatory information. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) (holding that a petitioner must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Furthermore, given the fact that Petitioner admitted to police that he committed the offenses but claimed he was coerced, the potential defenses were limited. Counsel pursued a defense strategy consistent with the facts set forth by Petitioner. This approach was neither unreasonable nor prejudicial.

   *4.     Claim 2(a)*

In resolving Petitioner's claim that counsel failed to locate or depose Sam Costillo, the state trial court found as follows:

6

> The Defendant's theory of the case was that Castillo forced the Defendant to commit the robbery. Contrary to the Defendant's position, Castillo's role, according to trial testimony, was minor. He provided a key to the apartment where the Defendant was arrested. He was never implicated, before the trial, in this crime by any witness, including the Defendant. The testimony at trial was clear that this Defendant entered the bank alone and presented a note to the teller, leaving with the money. The State refuted the Defendant's theory of duress when showing that the Defendant had the opportunity to abandon the robbery while in the bank without Castillo. Even if Castillo would have come in and admitted that he pressured the Defendant into committing the robbery, there was ample testimony to show that duress was not a viable defense theory. Therefore, the result of the trial would not have changed.

(Appendix V at 1.)

This Court agrees with the state trial court. The evidence at trial was sufficient to refute Petitioner's defense of duress. He clearly entered the bank alone and had ample opportunity to abandon the robbery. This Court concludes that counsel's failure to locate or depose Mr. Costillo did not render Petitioner's trial fundamentally unfair or unreliable.

      *6.*    *Conclusion*

In the present case, the Court finds that, with regard to claims 1(a), 1(b), and 2(a), trial counsel's conduct was reasonable and/or Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Claims 1(a), 1(b), and 2(a) must be denied pursuant to section 2254(d).

***B.***    ***Claim 1(c)***

It does not appear that Petitioner raised the argument that his counsel permitted him to testify when he had prior convictions in his Rule 3.850 motion. However, since the State has not asserted the applicability of the procedural bar, the Court will address the merits of this issue.

First, the Court notes that the decision to testify belonged to Petitioner not counsel. Therefore, Petitioner's claim that his counsel "permitted" him to testify is specious. If Petitioner wanted to testify, counsel could not stop him. Furthermore, the record reflects that Petitioner must have been aware, prior to taking the stand, that his prior convictions would be revealed. After the State rested, defense counsel asked for a short recess to talk to Petitioner and make sure he wished to present testimony. After the recess, defense counsel made his opening argument, indicating that Petitioner would testify and that he was a convicted felon. Clearly, Petitioner knew the full implications of testifying before he took the stand.

Furthermore, Petitioner has not demonstrated prejudice. The evidence against Petitioner was substantial and included his confession to the police. The admission of his prior convictions had little, if any, impact on the outcome of the trial. This claim must be denied.

*C.    Claim 1(d)*

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4] or (2) are not exhausted but would clearly be barred if returned to state court.[5] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.

---

[4] *Harris v. Reed*, 489 U.S. 255 (1989).

[5] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[6] The Eleventh Circuit Court of Appeals has held that this procedural bar applies to ineffective assistance of counsel claims brought in habeas cases: "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) (footnote omitted).

Petitioner did not assert his claim regarding his counsel's performance regarding Petitioner's mental health to the state court. Since it was not raised and is clearly barred from being raised in the state courts, the claim appears to be procedurally barred from consideration by this Court.

However, there are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim 1(d) is procedurally barred.

**D.    *Claim 2(b)***

---

[6]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

Petitioner contends that the trial court erred when it denied his counsel's objections to hearsay.  "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial."  *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992) ("We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'").  The state trial error must have been "material in the sense of a crucial, critical, highly significant factor."  *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted); *see also Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's ruling with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief); *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491, 494 (1st Cir.), *cert. denied*, 493 U.S. 865 (1989) ("Habeas review does not ordinarily encompass garden variety evidentiary rulings.").

In the present case, Petitioner has not demonstrated that the evidentiary rulings made by the trial court with regard to these matters were erroneous or deprived him of a fundamentally fair trial. Moreover, Petitioner has failed to establish that the alleged errors by the trial court with regard to these matters had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993) (the petitioner must demonstrate that the "trial error" had a substantial and injurious effect or influence in determining the jury's verdict).  As set

forth above, the evidence against Petitioner was considerable and included his confession. Thus, claim 2(b) must fail.[7]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Stephen B. Dragani is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.  The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 23rd day of December, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/23
Counsel of Record
Stephen B. Dragani

---

[7] To the extent that Petitioner claims that his counsel failed to object to the testimony of the law enforcement officers regarding Mr. Costillo's granting permission to search his apartment for Petitioner, the claim is meritless. Mr. Costillo's consent to search his residence was admissible because it constituted a verbal act which is not hearsay under Florida law. *State v. Welker*, 536 So. 2d 1017, 1020 (Fla. 1988) ("[T]he giving of consent is a verbal act, and therefore testimony that someone has given consent is not hearsay."); *Palmer v. State*, 448 so. 2d 55, 56 (Fla. 5th DCA 1984) (testimony that the defendant's wife gave consent to search was not hearsay, but a verbal act). Thus, the failure to object was neither deficient nor prejudicial.